Case3:14-cv-02296-JCS Document1 Filed05/18/14 Page1 of 13

Irene Karbelashvili, State Bar Number 232223
Law Office of Irene Karbelashvili
12 South First Street, Suite 413
San Jose, CA 95113
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for SHELBY GAIL HEIFETZ, Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

SHELBY GAIL HEIFETZ
Plaintiff,

vs.

MONROE J. WINGATE , TRUSTEE OF THE WINGATE REVOCABLE TRUST; and DOES 1 through 10, Inclusive,
Defendants.

**Case No.**

***Civil Rights***

**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, AND § 55; AND HEALTH & SAFETY CODE §§ 19955 ET SEQ.); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**

**REQUEST FOR JURY TRIAL**

Plaintiff SHELBY GAIL HEIFETZ ("Plaintiff") by and through his attorney, Irene Karbelashvili, hereby brings this Complaint against Defendants MONROE J. WINGATE,

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 1 of 13

Case3:14-cv-02296-JCS Document1 Filed05/18/14 Page2 of 13

TRUSTEE OF THE WINGATE REVOCABLE TRUST; and DOES 1 through 10, Inclusive (collectively, "Defendants") for violation of the Americans with Disabilities Act ("ADA") and related state laws.

## II. INTRODUCTION:

1. SHELBY GAIL HEIFETZ brings this Complaint alleging that the owners, operators, lessors, and/or lessees of the shopping center known as College Square Shopping Plaza (the "Plaza") located at or around 30-60 Golf Club Road in Pleasant Hill, California, have failed to comply with their obligation under Title III of the ADA by failing to provide their goods and services to her in a readily accessible manner on the basis that she is disabled and requires accessible facilities, and have failed to modify their policies and procedures as necessary to offer her the full and equal use of the Plaza's facilities and services. Plaintiff seeks injunctive relief to make the Plaza readily accessible for herself and visually impaired/legally blind individuals in compliance with Title III of the Americans with Disabilities Act ("ADA") and related state civil rights statutes; and request modification of discriminatory policies and procedures. Plaintiff's claims are based on Defendants' failure to provide Plaintiff full and equal access to the "goods, services, facilities, privileges, advantages, or accommodations" of the Plaza because Plaintiff is a visually impaired/legally blind individual in places of public accommodations.

2. Plaintiff alleges that Defendants have denied and continue to deny her the ability to use, enjoy, or benefit from the Plaza in a full and equal manner by creating and/or maintaining architectural barriers at the Plaza, and by utilizing discriminatory policies and practices.

3. Plaintiff brings the instant action seeking an injunction to require Defendants to make the Plaza readily accessible to disabled persons who use wheelchairs or other mobility aids, to stop their discriminatory policies, and to remedy the discrimination that has already occurred. Plaintiff alleges that Defendants have violated their obligations under Title III of the ADA and California laws - including Health & Safety Code § 19955 *et seq.*, Unruh Civil Rights Act [Civil Code § 51], and Disabled Persons Act [Civil Code § 54 *et seq.*], to provide them, and others using wheelchairs, full and equal access to and enjoyment of the Plaza's "goods, services, facilities, privileges, advantages, or accommodations."

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 2 of 13

Case3:14-cv-02296-JCS Document1 Filed05/18/14 Page3 of 13

## II. PARTIES:

4. Plaintiff is a qualified physically disabled person with a physical "disability" as defined by Department of Justice regulation 28 C.F.R. § 36.104 and California Government Code § 12926. Plaintiff is and at all times relevant herein was, a qualified individual with a physical "disability" Plaintiff has been a visually impaired/legally blind individual since birth and is a "person with a disability" or a "physically handicapped person" as defined under Department of Justice regulation 28 C.F.R. §36.104 and California Government Code § 12926. Plaintiff uses a white cane when ambulating and is unable to use portions of public facilities which are not accessible to disabled persons, including those who use a white cane. Plaintiff was denied her rights to full and equal access at the Plaza, and was denied her civil rights under both California law and federal law, because these facilities were not, and are not now, properly accessible to physically disabled person, including those who use a white cane. Plaintiff possesses a disabled parking placard issued by the State of California. She is also a life time resident of California.

5. On information and belief, Defendants MONROE J. WINGATE, TRUSTEE OF THE WINGATE REVOCABLE TRUST; and DOES 1 through 10, Inclusive are the owners, operators, lessors, and/or lessees of the Plaza.

6. Plaintiff is informed and believe that each of the named Defendants herein, including MONROE J. WINGATE , TRUSTEE OF THE WINGATE REVOCABLE TRUST; and DOES 1 through 10, Inclusive, are the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each other Defendant, as herein described. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of Defendants DOES 1 through 10, inclusive

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 3 of 13

Case3:14-cv-02296-JCS Document1 Filed05/18/14 Page4 of 13

are ascertained. References to "Defendants," unless otherwise specified, shall be deemed to refer to all Defendants and each of them.

## III. JURISDICTION AND VENUE:

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* Pursuant to supplemental jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including, but not limited to, violations of Health & Safety Code § 19955 *et seq.;* and California Civil Code §§ 51, 54, and 54.1.

8. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in the Northern District and that Plaintiff's causes of action arose in the Northern District.

## IV. FACTS:

9. The Plaza is a "place of public accommodation" as defined under Title III of the ADA and California civil rights laws. Civil Code §§ 51, 54 *et seq.,* and Health & Safety Code § 19955 *et seq.]* Plaintiff alleges that the Plaza is not readily accessible to persons with disabilities in violation of their rights under the ADA and California civil rights laws and regulations.

10. On information and belief, the Plaza is modified after January 26, 1992, independently triggering access requirements under the ADA. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

11. Plaintiff is a blind woman who uses a white cane, is considered disabled under the ADA. As a student at Diablo Valley College, Plaintiff likes to frequent the Plaza located at 30-60 Golf Club Road in Pleasant Hill, CA. Unfortunately, lack of ADA accommodations at the Plaza have always made Plaintiff feel extremely unsafe and embarrassed.

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 4 of 13

Case3:14-cv-02296-JCS Document1 Filed05/18/14 Page5 of 13

12. The public right of way, for example, does not have any Braille signage. This makes navigating for Plaintiff even more difficult and quite embarrassing since she depends on assistance from other customers for figuring which direction to go. Moreover, the railing on the stairs neither extends to the top nor to the bottom of the staircase. This is a hazard which once resulted in Plaintiff losing her balance. Furthermore, the required path of travel between buildings is nonexistent which makes it very difficult for Plaintiff to be able to safely walk from one building to the other.

13. Occasionally, Plaintiff's boyfriend, who uses Plaintiff's a disability parking permit when he gives her a ride, drives Plaintiff to the Plaza. Regrettably, Defendants do nothing to prevent vehicles without disability permits from parking in the ADA parking area. In fact, Defendants have failed to take even the utmost minimal measures such as posting proper tow away and penalty signs. As a result, with no room in the ADA parking area, Plaintiff's boyfriend is often forced to park in the regular parking area and then help Plaintiff navigate through the parking lot. This makes Plaintiff feel uneasy and is also very embarrassing for her.

14. Plaintiff wants to have the opportunity to enjoy the goods and services offered at the Plaza. Unfortunately, persistent discrimination by the Defendants against the disabled has left Plaintiff feeling embarrassed and in fear for her safety. Until the Plaza becomes ADA compliant, Plaintiff will continue to feel like a second class citizen.

15. On information and belief there are additional access barriers that deny, exclude, or otherwise deter people with mobility disabilities from the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by the Plaza to the general public, including, but not limited to: 1) Tow away sign at drive ways has no information; 2) Access aisles for parking are painted while; 3). Curb cuts do not differ in color than side walk; 4) ADA parking signs are not correct and missing $ 250 penalty sign; 5) Most doors has no ADA signs; 6) Most doors do not offer a kick plate; 7) No truncated domes when crossing between buildings; 8) No Directional signage from public right of way; 9) No "No Parking" is printed on some access aisle.

16. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven. Inc.* 524 F.3d 1034 (9th Cir. 2008).

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 5 of 13

Case3:14-cv-02296-JCS Document1 Filed05/18/14 Page6 of 13

17. As a result of Defendants' discriminatory acts and omissions, Plaintiff was, and continue to be, denied full and equal access to and enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by the Plaza to the general public, and have suffered discrimination, humiliation, pain, emotional distress, and embarrassment, all to her damage.

18. On information and belief, Defendants continue to deny Plaintiff (and other visually impaired/legally blind individuals) full and equal access to the Plaza as long as accessibility barriers and discriminatory policies exist. Plaintiff enjoys shopping and would like to enjoy the services and goods offered by the Plaza to the same extent as the general public, but she is deterred from returning due to the access barriers that exist and the discriminatory policies that are utilized. The ongoing nature of Defendants' discrimination constitutes an ongoing violation, resulting in ongoing and irreparable injury.

## V. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. § 12101 *et seq.*)

19. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 18 of this Complaint, and incorporates them herein as if separately repled.

20. In 1990 the United States Congress found that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities." During congressional hearings for the ADA, Congress stated that its purpose was "to provide a clear and comprehensive national mandate...to provide clear, strong, consistent, enforceable standards," and to address the "major areas of discrimination faced day-to-day by people with disabilities." [42 U.S.C. § 12101(b)] Plaintiffs are persons that Congress sought to protect with enforceable standards to redress discrimination and require that Defendants' facilities be made "accessible to and usable by persons with disabilities." [42 U.S.C. § 12188(a)(2)]

21. As part of the ADA, Congress passed "Titles II and III. Title II of the ADA prohibits discrimination by public entities in the operation of any program, serve or activity on the basis of

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 6 of 13

Case3:14-cv-02296-JCS Document1 Filed05/18/14 Page7 of 13

disability. [42 U.S.C. § 12132 *et seq.]* Title III of the ADA prohibits discrimination by public accommodations on the basis of disability [42 U.S.C. § 12181 *et seq.*], and mandates that the goods, services, facilities, privileges, advantages, and accommodations of public accommodations be afforded to an individuals with disabilities in the most integrated settings possible. [42 U.S.C. § 12182(b)(1)(B)]

22. On information and belief, Defendants are the owners and lessors of the subject property and required parties for injunctive relief.

23. "Public accommodations" for purposes of this title, include "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment" [42 U.S.C. § 12181(7)(E)] the Plaza is a place of public accommodation under the ADA.

24. Title III applies to "any person who owns, leases (or leases to), or operates a place of public accommodation." [42 U.S.C. § 12182(a)] Defendants own, lease (or lease to) and/or operates a place of public accommodation.

25. Under Title III, illegal discrimination is defined to include:

> A. "a failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...;
> B. a "failure to remove architectural barriers... that are structural in nature, in existing facilities... where such removal is readily achievable;"

26. Title III also makes it discriminatory to:

> A. "subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity;"
> B. "afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals;" and
> C. "provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege,

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 7 of 13

Case3:14-cv-02296-JCS Document1 Filed05/18/14 Page8 of 13

> advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others"
>
> [42 U.S.C. §§ 12182(b)(1)(A)(i), (ii) and (iii)]

27. The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under Title III of the ADA and the regulations promulgated under 28 C.F.R. Part 36.

28. On information and belief, Defendants have made alterations or renovations to the Plaza since January 26, 1992, yet failed to ensure that, to the maximum extent feasible, the altered portions of the facilities are readily accessible to and usable by individuals with disabilities, including Plaintiff and other individuals who are visually impaired/legally blind [42 U.S.C. § 12183(a)(2)]

29. On information and belief, Defendants have also failed to comply with their ongoing obligation to remove existing accessibility barriers. The removal of said barriers is, and was at all times herein mentioned "readily achievable" under the standards of the ADA and California law.

30. Pursuant to Title III of the ADA [42 U.S.C. § 12188], Plaintiffs are entitled to the remedies and procedures set forth in the Civil Rights Act of 1964, 42 U.S.C. § 2000(a)-3(a) [§ 204(a)], as Plaintiff is being subjected to discrimination on the basis of disability in violation of this title. On information and belief, Defendants have continued to violate the law and deny Plaintiff's rights and the rights of other individuals who are impaired/legally blind, to equal access and use of the Plaza during the two years preceding the filing of this Complaint. Pursuant to 42 U.S.C. § 12188(a)(2): "In the case of violations of sections 302(b)(2)(A)(iv) [42 U.S.C. § 12182(b)(2)(A)(iv)] and section 303(a) [42 U.S.C. § 12183(a)], injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title... injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title."

31. Plaintiff seeks relief pursuant to remedies set forth in the Civil Rights Act of 1964, 42 U.S.C. § 2000(a)-3(a) [§ 204(a)] and pursuant to Federal Regulations adopted to implement the

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 8 of 13

Case3:14-cv-02296-JCS Document1 Filed05/18/14 Page9 of 13

ADA, including, but not limited to, an order granting injunctive relief and attorneys' fees, litigation expenses and costs pursuant to 42 U.S.C. § 12205. Plaintiff is qualified individuals with disabilities for purposes of the ADA, who was, and continue to be, subjected to discrimination on the basis of disability in violation of Title III, and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may attempt to visit or use the Plaza.

## VI. SECOND CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION (Cal. Health & Safety Code § 19955 *et seq.;* Cal. Civ. Code §§ 51, 54, and 54.1 *et seq.*)

32. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 31 of this Complaint, and incorporate them herein as if separately repled.

33. California Health & Safety Code § 19955 *et seq.* were enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Government Code § 4450 of Chapter 7 of Division 5 of Title 1 of the Government Code." Such public accommodations are defined to include "a building, structure, facility, complex, or improved area which is used by the general public..." On information and belief, California building standards pursuant to California Code of Regulations, Title 24-2 ("Title 24-2") were in effect at the time the Plaza was constructed and at all times following, requiring Defendants to comply with California accessibility standards implemented for the protection of Plaintiff and other physically disabled persons since July 1, 1982.

34. On information and belief, the public facilities complained of herein were added to, renovated and/or structurally repaired by Defendants since its original construction, subjecting such facilities to disabled access requirements pursuant to Health & Safety Code § 19955 *et seq.*

35. Plaintiff and other similarly situated physically disabled persons who are visually impaired/legally blind are unable to use the Plaza and other public accommodations on a "full and equal" basis unless each such facility is in compliance with the provisions of applicable

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 9 of 13

Case3:14-cv-02296-JCS Document1 Filed05/18/14 Page10 of 13

regulations for Title III public accommodations (42 U.S.C. § 12181 *et seq.),* Health & Safety Code § 19955 *et seq.,* and Title 24-2, which are designed to ensure full and equal access for persons with disabilities in public accommodations. Plaintiff is a members of that portion of the public whose rights are protected by the provisions of Health & Safety Code § 19955 *et seq.* and California Civil Code §§ 51, 54, and 54.1.

36. As a result of the denial of equal access to the Plaza, due to the acts and omissions of Defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, Plaintiff suffered a violation of her civil rights including, but not limited to, rights under Civil Code §§ 51, 54, 54.1, and 54.3, and suffered physical injury, pain and suffering, mental and emotional distress, embarrassment and humiliation, statutory damages, and general damages. Defendants' acts and omissions constituted discrimination against Plaintiff on the basis that she is physically disabled and unable, because of the architectural barriers and discriminatory policies established by Defendants in violation of the subject laws, to use the Plaza on a "full and equal" basis as other persons. Plaintiff seeks trebling of all actual damages, general and special, as provided by California Civil Code §§ 52 and 54.3.

37. The lack of proper access features as pled herein prevents Plaintiff from full and equal use of the premises and thus continues to discriminate against her and deny her "full and equal access" since her visits within the two years preceding the filing of this Complaint and until such time as Defendants remove barriers to access at the Plaza and stop their discriminatory policies. Further, any violation of the ADA (as pled in the First Cause of Action hereinabove, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a violation of California Civil Code §§ 51, 54(c), and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including, but not limited to, Civil Code §§ 52, 54.3, and 55.

38. Plaintiff has been damaged by Defendants' wrongful conduct and seek the relief that is afforded by Civil Code §§ 52, 54, 54.1, 54.3 and 55. Plaintiff seeks actual damages, general and special damages, statutory damages, treble damages, and preliminary and injunctive relief to enjoin and eliminate the access barriers and Defendants' discriminatory practices respecting denial of equal access for disabled persons and for reasonable attorneys' fees, litigation expenses and costs.

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 10 of 13

Case3:14-cv-02296-JCS Document1 Filed05/18/14 Page11 of 13

39. ***Request for Injunctive Relief:*** The acts and omissions of Defendants as complained of herein are continuing to have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled, including persons who are visually impaired/legally blind, from full and equal access to the Plaza. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities who are visually impaired/legally blind. Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this court.

40. Wherefore, Plaintiff asks this court to preliminarily and permanently enjoin any continuing discriminatory policies excluding disabled persons from patronizing the Plaza and to grant such access to Plaintiff and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons in places of public accommodation and modification of policies and procedures. Such injunctive relief is provided by Health & Safety Code § 19953 and California Civil Code §§ 52, 54.3, and 55. Plaintiff further requests that the court award general, compensatory, and statutory damages, costs, litigation expenses, and attorneys' fees to Plaintiffs pursuant to Health & Safety Code § 19953, Civil Code §§ 52 or 54.3 and 55, and Code of Civil Procedure § 1021.5, all as hereinafter prayed for.

41. As a result of Defendants' acts and omissions in this regard, Plaintiff has been required to incur legal expenses and attorney fees, as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the laws protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees and costs, pursuant to the provisions of Civil Code §§ 52 or 54.3 and 55. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to require the Defendants to make their public facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5.

Wherefore, Plaintiff prays for damages and injunctive relief hereinafter stated:

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 11 of 13

Case3:14-cv-02296-JCS Document1 Filed05/18/14 Page12 of 13

***PRAYER***

***FIRST CAUSE OF ACTION***

1. For injunctive relief under Title III of the ADA, including ordering Defendants "to alter the facilities to make such facilities readily accessible to and usable by individuals with disabilities," and to eliminate or modify discriminatory policies as required by law;

2. For attorneys' fees, litigation expenses and costs of suit, pursuant to Title III of the ADA [42 U.S.C. § 12205] and attendant regulations; and

3. For such other and further relief as the court may deem proper.

***SECOND CAUSE OF ACTION***

1. General, compensatory, and statutory damages in an amount within the jurisdiction of this court, and that these damages be trebled according to statute;

2. Special and consequential damages according to proof;

3. For injunctive relief prohibiting operation of Defendants' public accommodations until they provide full and equal access to physically disabled persons, and requiring that such access be immediately provided;

4. For attorneys' fees and litigation expenses pursuant to California Civil Code §§ 52 or 54.3 and 55, California Health & Safety Code § 19953, and California Code of Civil Procedure § 1021.5;

5. For all costs of suit; and

6. Such other and further relief as the Court may deem just and proper.

Dated: May18, 2014

/s/ *Irene Karbelashvili*
Irene Karbelashvili, Attorney for
Plaintiff SHELBY GAIL HEIFETZ

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 12 of 13

Case3:14-cv-02296-JCS Document1 Filed05/18/14 Page13 of 13

***DEMAND FOR JURY RIAL***

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: May 18, 2014

/s/ *Irene Karbelashvili*
Irene Karbelashvili, Attorney for Plaintiff SHELBY GAIL HEIFETZ

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 13 of 13